Hall, J.
delivered the opinion of the Court.
One of the questions, which arise in this case, was decided in Martin v. Lucy, in this Court, namely — Whether a purchaser of land, sold for taxes, is bound to shew that the sheriff advertised it agreeably to the directions of the Act of Assembly ? It is true, in that case, the lands had been listed, and it was only necessary to advertise them in the County in which they were situated, and in this case they have not been listed, in which case the additional duty is impeded upon the sheriff of advertising them in the State Gazette.
But, in principle, we consider them precisely the same. In both cases, it is made the duty of the sheriff to advertise. But few persons would become purchasers if it was incumbent Upon them to prove that the sheriff had done his duty in that respect. We think it better to say, that as the law has made it his duty to do so, persons who bid for the land may take it for granted that, he has discharged that duty— otherwise they would be deterred from bidding, and the mischief to owners of land, so sold, would be greater, we apprehend, than would be experienced by not imposing the burthen of proof upon purchasers.
We mean not, by this decision, to interfere with any remedy which the owners of lands, so situated, may have, against a sheriff who may sell them without having previously advertised, as the law directs.
As to the second question, namely — Whether a deed made upon neither a good, or valuable consideration, but proved and registered agreeably to the directions of the act of 1715, does convey the land therein described ? We are *513 of opinion that the act was passed merely for the purpose of perpetuating titles to lands, and that no deed in itself invalid, and inoperative, is rendered so, by the circumstance of its being registered.
Let there be judgment for the plaintiff.